# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LILLIAN SPENCER-FLOURNOY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 08-761-CV-W-FJG |
| ) | |
| JASON G. CLARK and ENNIS CORP., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion to Quash Deposition and Plaintiff's Motion for a Protective Order (Docs. # 20, 22).

This case was filed on or about August 28, 2008, as a result of an automobile accident that occurred in Jackson County, Missouri. At the time of the accident, plaintiff lived in Jackson County, Missouri. Since the time of filing her petition, plaintiff has since moved to Florida. Plaintiff's deposition is currently scheduled for June 2, 2009 in Kansas City, Missouri. Plaintiff has filed the instant Motion to Quash or alternatively for a Protective Order because she does not wish to travel to Kansas City and instead prefers to be deposed by telephone. Plaintiff states that due to her limited finances combined with the fact that she recently started a new position and the necessity of traveling to Missouri in the future for the trial and an independent medical examination, she would be subjected to financial hardship if she were forced to travel to Missouri to be deposed.

1

Defendants state that because plaintiff elected to file her suit in this forum, she must make herself available for examination in the district in which the suit is pending. Additionally, defendants state that plaintiff has not shown that appearing for her deposition in Kansas City will subject her to either undue burden or expense.

In <u>Archer Daniels Midland Co. v. AON Risk Services, Inc. of Minnesota</u>, 187 F.R.D. 578 (D.Minn. June 7, 1999), the Court stated:

> there is a well recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue. . . . At best, however, this is a general rule which is subject to exception, when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff, and its agents, outside of the forum District. . . . In the final analysis, our selection of the forum for a plaintiff's deposition should not be rigidly formulaic for, in the interests of justice, we have great discretion in designating the location of taking a deposition. . . . and that discretion must be directed toward considering each case on its own facts and the equities of the particular situation.

<u>Id</u>. at 588 (internal citations and quotations omitted).

In the instant case, although plaintiff has stated that it would cause her undue expense to travel to Kansas City, she has not provided the Court with any details regarding how much the flight would cost or how this would affect her current financial situation. Additionally, plaintiff makes reference to the fact that she will be traveling to the Kansas City area in the future for an independent medical examination, suggesting that she is not completely without funds to pay for travel. Without any more specific information regarding her financial situation, the Court does not find that plaintiff has made a compelling showing that her financial situation prevents her from traveling to

this jurisdiction.  Accordingly, the Court hereby **DENIES** plaintiff's Motion to Quash Deposition (Doc. # 20) and **DENIES** plaintiff's Motion for a Protective Order (Doc. # 22).


Date:   05/27/09                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         Chief United States District Judge